United States District Court        Southern District of Texas

Sebring Apartments, *et al.*, §
§
      Plaintiffs, §
§
*versus* §      Civil Action H-10-19
§
Lexington Insurance Company, *et al.*, §
§
      Defendants. §

## Opinion on Summary Judgment
## Kensington, Steadfast, and Homeland

1. Steadfast Insurance Company and Homeland Insurance Company of New York moved for summary judgment. They say Kensington's claims are barred because it did not disclose them in its bankruptcy. The claims will be barred.

2. On March 31, 2008, Comunidad Kensington voluntarily filed for bankruptcy under Chapter 11. In June of 2008, Kensington Club was forced into bankruptcy under Chapter 7. It joined Comunidad's bankruptcy as part of its fifth amended plan in November of 2009.

3. On September 12, 2008, Hurricane Ike damaged Kensington's property. Kensington sued its insurers on December 30, 2009.

4. After the initial layers of coverage were exhausted, Kensington added Ironshore, Steadfast, and Homeland on April 11, 2011.

5. Between September of 2008 and November of 2009, Kensington did not disclose its Hurricane Ike claim to the bankruptcy court or the bankruptcy to the district court.

6. Kensington says it was not required to disclose the claim because it arose after the bankruptcy was initiated. Post-petition disclosures give investors the information they need to "make an informed judgment about the plan."[1] Debtors have a continuing duty to disclose all assets – including contingent claims – discovered "prior to confirmation."[2]

7. Kensington says disclosure was not mandatory because it was restoring an asset to the value listed on the schedules. Its claims in this case, however, were for damages and fees beyond mere repair costs. Moreover, a lawsuit on a policy plus a partially-destroyed apartment building is economically different from a sound apartment building. Its stipulation in 2013 that it is not seeking additional damages anymore does not cure its evasion from 2008 until 2013. The bankruptcy court and all creditors have a right to know with clarity the debtor's assets.

8. Kensington says its omission was "inadvertent," and its error does not preclude this suit. Its only support for this is a conclusory affidavit by Mitchell Kobernick – Kensington's president – about when he "believed" he was obliged to amend his schedules, and that he "saw no need" to report on changes in assets. Kobernick had two teams of lawyers helping him understand Kensington's obligations. The affidavit is a whine without a shred of cogency or reliability. It is inadmissible.

Even if it were included, Kensington's motive to conceal the claim is self-evident.[3] It wanted its bankruptcy plan confirmed while the creditors thought that the only asset was a building – not cash from the suit, which some of the owners have asserted were free of the mortgage liens on the assets. It also claimed money in excess of its repair costs.

---

[1] 11 U.S.C. § 1125(a)(1) (2012).

[2] In re Coastal Plains, 179 F.3d 197, 207-08 (5th Cir. 1999).

[3] Love v. Tyson Foods, Inc., 677 F.3d 258, 261-62 (5th Cir. 2012).

9. Estoppel by a contradictory claim in court, as an equitable remedy,[4] allows the court to adjust the consequences to the circumstances. Kensington did not tell the bankruptcy court or the district court; it has no justification for this manipulation of the processes. Parties that initiate court cases have duties of documentary disclosure and general candor. It has had the benefit on which its premium was calculated. It has had the benefit of protection in bankruptcy. It will now have the consequence of its choices.

10. Kensington will take nothing from Steadfast and Homeland.

Signed on July 31, 2013, at Houston, Texas.

Lynn N. Hughes
United States District Judge

---

[4] New Hampshire v. Maine, 532 U.S. 742, 750 (2001).