| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |
|---|---|

| | | |
|---|---|---|
| Sebring Apartments, et al., | § § § | |
| Plaintiffs, | § § | |
| versus | § § | Civil Action H-10-19 |
| Lexington Insurance Company, et al., | § § § | |
| Defendants. | § | |

## Opinion on Summary Judgment
## Lexington and Nordling

1. Lexington Insurance Company did not breach its contract with Nordling Property LLC. Lexington and its fellow insurers paid $25 million – the maximum amount they could have owed for that layer of coverage.

2. Nordling nevertheless insists that it is owed attorneys' fees and 18% interest because Lexington did not pay its claim fast enough.[1] What was not paid of what was owed was zero, and 18% of zero is zero.

3. The parties disagree about when Nordling presented its claim for payment. It is clear, however, Lexington made a good faith attempt to pay claims. It was tasked with sorting through thousands of claims in the wake of a major hurricane striking the nation's fourth-largest city. That Lexington exhausted the policy limits is evidence of its earnestness.

4. Putting aside the factual dispute, Nordling may not recover attorneys' fees and interest without their predicate – a successful breach of contract claim.[2]

---

[1] Tex. Ins. Code § 542.060 (2007).

[2] Mid-Continent Casualty Company v. Eland Energy, Inc., et al., No. 11-10649, 2013 U.S. App. LEXIS 3741, at *10 (5th Cir., Feb. 22, 2013) ("[N]o Texas court has yet

5.  Nordling cites cases in which Texas courts have recognized bad faith claims untethered to their contractual counterpart. None of those cases factually parallels this case because those insurers had not exhausted their policy limits.

6.  When an insurer pays the full amount it could possibly have owed under the policy, there is no basis for a claim against it.

7.  Nordling will take no fees or interest from Lexington.

Signed on July 31, 2013, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge

---

held that recovery is available for an insurer's extreme act, causing injury independent of the policy claim. . . .").